J-A27031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY STATES, | : | |
| | : | |
| Appellant | : | No. 2011 WDA 2013 |

Appeal from the Judgment of Sentence entered on October 24, 2013
in the Court of Common Pleas of Erie County,
Criminal Division, No. CP-25-CR-0002377-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　**FILED OCTOBER 10, 2014**

Jeffrey States ("States") appeals from the judgment of sentence imposed after he was convicted of indecent assault of a minor less than thirteen years of age.[1]  We affirm the judgment of sentence.[2]

In 1995-1996, States was approximately sixteen years-old, and resided with his parents in Erie, Pennsylvania.  N.T., 7/24/13, at 31.  The minor victim, S.S. (hereinafter "the victim"), and her family lived in the same neighborhood.  *Id.* at 29-30.  The victim was between the ages of five and six years-old at the relevant times.  *Id.* at 37, 34-44.  The victim and her family had a very close relationship with States's family.  *Id.* at 29-30.

---

[1] **See** 18 Pa.C.S.A. § 3126(a)(7).

[2] While we affirm States's judgment of sentence, we remand the case concerning an unrelated matter for the trial court to correct an error in the record.

States's mother would often babysit the victim when her parents were away. *Id.* at 30.

On at least twelve separate occasions during a period of several months in 1995 and 1996, States led the victim to his bedroom, located in the basement of the house, to play what States called "the golf ball game." *Id.* at 31, 33, 39, 58, 86. After closing the bedroom door, States instructed the victim to lie face down on his bed and play with two golf balls that he had placed on the bed. *Id.* at 33, 35, 41. While the victim was occupied with the golf balls, States pulled her pants and underwear completely off. *Id.* at 34. States then took off his pants and rubbed his penis between the victim's butt cheeks. *Id.* at 35. After each of the assaults, States would repeat the same warning to the victim that if she told anyone about what had happened, her parents would be taken away from her. *Id.* at 43.

The victim first reported the sexual assaults to the police in March 2012, when she was twenty-one years-old. *Id.* at 49, 56. The victim testified that she did not report the assaults sooner because she feared that her parents would be taken away from her, and she did not want to damage the close relationship between her family and States's family. *Id.* at 47, 49. The victim stated on cross-examination that although she knew that the

assaults had occurred between 1995 and 1996, she could not identify specific dates. *Id.* at 56.[3]

In May 2012, the Commonwealth charged States with indecent assault. The matter proceeded to a jury trial, at the close of which the jury found States guilty.

Prior to sentencing, the trial court ordered the preparation of a Presentence Investigation Report ("PSI"), and referred the case to the Pennsylvania Sexual Offenders Assessment Board ("SOAB") for an evaluation of States as to whether he met the criteria to be classified as a sexually violent predator ("SVP"). The SOAB evaluator issued a report opining that States does not meet the criteria of a SVP.

On October 24, 2013, the trial court imposed an aggravated-range sentence of one to five years in prison. The following day, the trial court entered an Order (hereinafter "the SVP Order") providing that States shall not be classified as a SVP.[4] States filed a Post-Sentence Motion, challenging the sufficiency of the evidence supporting his conviction and the discretionary aspects of his sentence. The trial court denied States's Motion, after which States timely filed a Notice of Appeal.

On appeal, States presents the following issues for our review:

---

[3] The victim also testified that she had asked her mother to help her in identifying the timeframe in which the assaults had occurred. N.T., 7/24/13, at 56-57.

[4] As discussed below, the SVP Order contained an error stating that the SOAB evaluator had determined that States met the criteria of a SVP, when the evaluator actually opined to the contrary.

A. Whether sufficient evidence existed to find [States] guilty of indecent assault beyond a reasonable doubt when the only evidence offered to prove the charge was the testimony of the [victim,] seventeen [] years after [the assaults] allegedly occurred [] in 1995 or 1996[,] without the benefit of a date or time[?]

B. Whether the lower court erred by imposing an unreasonable sentence outside the sentencing guideline ranges and contrary to the Pennsylvania Sentencing Guidelines when [States had] a prior record score of zero (0), he was a juvenile at the time of the offense (1995 or 1996), the [sentencing] court did not set forth adequate reasons for deviating from the norm or standard range[,] and the court focused on the victim while ignoring the mitigating factors presented on behalf of [States?]

C. Whether the lower court erred by failing to correct its [October 25, 2013] Order that stated the "Sexual Offenders Assessment Board [] determined [States] meets the requirements of a sexually violent predator[,]" when the [SOAB] specifically found to the contrary, that "[] States does not meet the criteria of a sexually violent predator"[?]

Brief for Appellant at 4 (emphasis omitted; issues renumbered for ease of disposition).

States first argues the evidence presented is insufficient to sustain his conviction of indecent assault because the Commonwealth failed to establish the dates on which the alleged sexual assaults occurred with reasonable certainty. *Id.* at 19. States points out this Court's decision in ***Commonwealth v. Brooks***, 7 A.3d 852 (Pa. Super. 2010), wherein the Court held that although "[i]t is the duty of the prosecution to fix the date when an alleged offense occurred with reasonable certainty[,]" "the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct. This

- 4 -

is especially true when the case involves sexual offenses against a child victim." *Id.* at 857, 858 (citations and quotation marks omitted); *see also Commonwealth v. Devlin*, 333 A.2d 888, 892 (Pa. 1975) (seminal case holding that due process requires that the date of the commission of the offense be fixed with reasonable certainty). States heavily relies upon the *dissenting* opinion in **Brooks** to support his claim. *See* Brief for Appellant at 19-20 (citing **Brooks**, 7 A.3d at 865 (Lazarus, J., dissenting) (opining that "the Commonwealth [] failed to establish when the [sexual assaults] occurred with sufficient particularity … because the [minor] victims could neither fix the times the ongoing abuse commenced nor when it ceased.")). States emphasizes that the victim in this case admitted to being helped by her mother in determining the years in which the assaults occurred, and, according to States, "[t]his renders [the victim's] recollection suspect." *Id.* at 21. Finally, States points out that the victim did not report the alleged sexual assaults until she was twenty-one years-old. *Id.*

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no

probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 2014 PA Super 181, at *83 (Pa. Super. 2014) (citation omitted).

Indecent assault is defined as follows:

A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and[] … the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7).

Here, the victim unequivocally testified that the sexual assaults occurred in 1995 and 1996, when she was only five or six years-old, and described the incidents in great detail. *See Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa. Super. 1999) (collecting cases and observing that "it is well-established that even the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses."). The fact that the victim elicited the help of her mother in determining this timeline is immaterial. Moreover, the victim was able to personally determine the exact year in which the one of the assaults occurred, as she testified that she distinctly remembers that she was wearing underwear

depicting characters from Disney's "Hunchback of Notre Dame" movie, which was released in 1996. N.T., 7/24/13, at 34, 76-78. Additionally, the victim testified that States assaulted her on at least twelve separate occasions, and as many as twenty-four occasions. *Id.* at 31, 33, 39, 86. The law is clear that due process does not require a minor victim of sexual abuse to provide temporal testimony of specific incidents that occurred during a prolonged period of abuse. *Brooks*, 7 A.3d at 859; *see also Commonwealth v. G.D.M.*, 926 A.2d 984, 990 (Pa. Super. 2007) (holding that "the due process concerns of *Devlin*[*, supra*] are satisfied where the victim, as here, can at least fix the times when an ongoing course of molestation commenced and when it ceased. A six-year-old child cannot be expected to remember each and every date upon which he was victimized, especially where those events are numerous and occur[red] over an extended period of time."); *Commonwealth v. Niemetz*, 422 A.2d 1369, 1373 (Pa. Super. 1980) (affirming convictions for sexual offenses the defendant committed against his minor stepdaughter over a five-year period, stating that "we do not believe that it would serve the ends of justice to permit a person to rape and otherwise sexually abuse his child with impunity simply because the child has failed to record in a daily diary the unfortunate details of her childhood.").

Moreover, it is irrelevant that the victim herein did not report the assaults until many years thereafter. There is no requirement that the very young victim report the crimes immediately. *See, e.g., Brooks, supra*.

Indeed, the victim testified that she had kept quiet for so long because of States's threats to her that she would lose her parents if she reported the assaults. N.T., 7/24/13, at 47, 49. Accordingly, we conclude that States's sufficiency/due process challenge lacks merit.

Next, States argues that the sentencing court abused its discretion and imposed an unreasonable aggravated-range sentence, without considering any mitigating circumstances. *See* Brief for Appellant at 10-12, 13-17. States's claim challenges the discretionary aspects of his sentence, to which there is no absolute right to appeal. *Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the discretionary sentencing claim for appellate review by raising it in a timely post-sentence motion,

> [t]wo requirements must be met before we will review [a challenge to the discretionary aspects of sentence] on its merits. First, [pursuant to Pa.R.A.P. 2119(f),] an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, that the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists.

*Id.* at 363-64 (citation to case law and brackets omitted).

States has included a Rule 2119(f) Statement in his brief. Accordingly, we must determine whether the Rule 2119(f) Statement presents a substantial question for our review.

States argues that the sentencing court abused its discretion by (1) imposing a sentence in the aggravated range without considering any mitigating factors (such as States's young age at the time in question and his prior record score of zero); (2) failing to set forth adequate reasons for imposing an aggravated-range sentence; and (3) failing to consider States's individualized circumstances. **See** Brief for Appellant at 10-12. States's claims present a substantial question. **See Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (noting that although an allegation that the sentencing court failed to consider certain mitigating factors generally does not raise a substantial question, a substantial question exists where an appellant alleges that the sentencing court imposed sentence in the aggravated range without adequately considering mitigating circumstances); **Commonwealth v. Macias**, 968 A.2d 773, 776 (Pa. Super. 2009) (stating that "[t]he failure to set forth adequate reasons for the sentence imposed has been held to raise a substantial question." (citations omitted)); **Commonwealth v. Ahmad**, 961 A.2d 884, 887 (Pa. Super. 2008) (stating that a claim that the trial court failed to consider the defendant's individualized circumstances raises a substantial question).

Our standard of review is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of

> partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) (citation omitted).

In every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S.A. § 9721(b). When doing so,

> a trial judge ... [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation and brackets omitted). Finally, when evaluating a challenge to the discretionary aspects of sentence, it is important to remember that the sentencing guidelines are purely advisory in nature. *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007); *see also Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007) (stating that "rather than cabin the exercise of a sentencing court's discretion, the [sentencing] guidelines merely inform the sentencing decision.").

The sentencing court in this case had the benefit of a PSI and, as such, it is presumed that the court "was aware of the relevant information

regarding [States's] character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004). The sentencing court expressly stated on the record that "[t]he Court has considered [] States's age …." N.T., 10/24/13, at 15; ***see also Boyer***, 856 A.2d at 154 (stating that, in imposing sentence, the trial court should consider, *inter alia*, the defendant's age). Moreover, the sentencing court noted that it had considered the mitigating circumstances posited by defense counsel, stating as follows:

> It has not been contested that [States] is a good family man, he is a caretaker for his mother, he has performed service in the community that has been recognized by City Council, and he has no prior criminal record. And certainly all of those things are to [States's] advantage.

N.T., 10/24/13, at 15. However, the sentencing court stated that these mitigating factors were outweighed by (a) the nature of the crimes and vulnerability of the minor victim; (b) States's refusal to take responsibility for his actions and lack of remorse; (c) States's securing the victim's silence regarding the crimes for approximately 16 years by threatening her; (d) the victim's impact statement, which stated that the assaults have permanently impacted her life and caused her to have problems with relationships and extreme anxiety; (e) States's having taken advantage of the position of trust that he and his family had in the eyes of the victim; and (f) the fact that States engaged in a course of conduct of repeatedly assaulting the victim. ***Id.*** at 15-17. For all of these reasons, which are supported by the record,

the sentencing court determined that a sentence in the aggravated range was warranted. *Id.* at 18.

Based upon the foregoing, the record clearly belies States's claim that the sentencing court failed to consider mitigating factors and did not state adequate reasons for imposing sentence. We discern no abuse of discretion by the sentencing court, nor do we find States's aggravated-range sentence to be excessive or unreasonable.

Finally, States argues that "[t]he lower court must correct its [SVP] Order entered [on] October 25, 2013[,] that contains erroneous language stating that [States] meets the criteria of a [SVP]." Brief for Appellant at 17. We agree. It is undisputed that the SVP Order, wherein the trial court directed that States shall not be classified as a SVP, contains erroneous language in another part of the Order stating that the SOAB determined that States met the criteria of a SVP. Because of the internal inconsistency in the SVP Order, we must remand for the sole purpose of the trial court entering a new order unequivocally stating that the SOAB determined that States does <u>not</u> meet the criteria of a SVP, and that he shall not be classified as a SVP.

Because we conclude that there was sufficient evidence presented to sustain States's indecent assault conviction, and discern no abuse of discretion by the trial court in imposing sentence, we affirm the judgment of sentence. Moreover, we remand to the trial court, regarding a matter unrelated to the judgment of sentence, for the court to correct an erroneous statement in the October 25, 2013 SVP Order by issuing a new order.

Judgment of sentence affirmed; case remanded regarding an unrelated matter for the trial court to correct an error in the record; Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014