J-A10022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHANIEL WILLIAMS | |
| Appellant | No. 1381 MDA 2014 |

Appeal from the Judgment of Sentence July 14, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001934-2013
CP-67-CR-0006449-2013

BEFORE: GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                              **FILED APRIL 06, 2015**

Appellant, Nathaniel Williams, appeals from the July 14, 2014 aggregate judgment of sentence of 50 to 100 months' imprisonment imposed, following an open guilty plea to two counts of simple assault and one count of endangering the welfare of a child (EWOC).[1]  After careful review, we affirm.

The trial court summarized the relevant factual and procedural background of this case as follows.

> Both of the[se] … cases involve [] Appellant's actions toward his children.  More specifically, in case [CP-67-CR-6449-2013], [] Appellant admitted to getting mad at his son N.W. … for "spilling the beans."  [] Appellant hit N.W. causing the child to fall

_____

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 4304(a)(1), respectively.

off the bed, which resulted in N.W.'s leg being broken. In case [CP-67-CR-1934-2013], [] Appellant admitted to grabbing his daughter U.W. … by the throat hard enough to leave a red mark. [] Appellant again stated he did this because he was mad at his daughter for breaking a DVD player.

Also in case [CP-67-CR-1934-2013], [] Appellant admitted that the living conditions at the motel where police found his five children were unkempt. [] Appellant admitted that black trash bags with garbage spilling out of the top littered the room; empty food containers were also strewn about; dirty dishes and cigarette butts were all over the countertops; numerous soiled diapers were found on the floor; and that no food or water was found with the exception of a small can of noodles that all five children were sharing for dinner. Lastly, [] Appellant admitted that he left his eleven[-]year[-]old daughter in charge of the four other children when he left the motel room.

Trial Court Opinion, 10/8/14, at 2 (internal citations omitted).

On April 11, 2013, the Commonwealth filed an information at docket number CP-67-CR-1934-2013, charging Appellant with a total of one count of aggravated assault[2], two counts of simple assault, and six counts of EWOC. On October 10, 2013, the Commonwealth filed an information at docket number CP-67-CR-6449-2013, charging Appellant with one count each of harassment[3], aggravated assault, and simple assault. On July 14, 2014, Appellant entered an open guilty plea to two counts of simple assault,

---

[2] 18 Pa.C.S.A. § 2702(a)(1).

[3] 18 Pa.C.S.A. § 2709(a)(1).

one at each docket number, and one count of EWOC at docket number CP-67-CR-1934-2013. That same day, the trial court imposed an aggregate sentence of 50 to 100 months' imprisonment.[4] On July 21, 2014, Appellant filed a timely motion for modification of sentence, which the trial court denied on August 1, 2014. On August 12, 2014, Appellant filed a timely notice of appeal.[5]

On appeal, Appellant presents one issue for our review.

> Whether the aggregate sentence of fifty (50) to one hundred (100) months['] incarceration constitutes an abuse of discretion when the sentence imposed is inconsistent with the gravity of the offenses and protection of the public and does not consider relevant mitigating factors[?]

Appellant's Brief at 4.

At the outset, we note that Appellant's argument on appeal pertains to the discretionary aspects of his sentence. "Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72

---

[4] Specifically, at docket number CP-67-CR-1934-2013, the trial court sentenced Appellant to 16 to 32 months' imprisonment for simple assault and 18 to 36 months' imprisonment for EWOC. At docket number CP-67-CR-6449-2013, the trial court imposed a sentence of 16 to 32 months' imprisonment for simple assault. All sentences were to run consecutively.

[5] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). However, when a defendant's plea is an open guilty plea, he or she does not waive claims regarding the discretionary aspects of the sentence "because there was no agreement as to the sentence [the defendant] would receive." ***Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013) (citation omitted). Nevertheless, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Tobin***, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant forwards an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014)

(citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

In the case *sub judice*, we note that Appellant filed a timely motion for modification of sentence and notice of appeal. We further observe that Appellant has included a Rule 2119(f) statement in his brief. Thus, we proceed to determine whether Appellant has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine

whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

In this case, Appellant avers that the trial court abused its discretion based on the following.

> [The sentence is] inconsistent with the rehabilitative needs of Appellant; inconsistent with the gravity of the offenses as they relate to the impact on the lives of the victim and on the community; inconsistent with the protection of the public; and exceedingly punitive in nature in light of Appellant's admission of guilt and other relevant factors such as Appellant's age and rehabilitative ability.

Appellant's Brief at 7.

This Court has long recognized that "an allegation that a sentencing court … did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa. Super. 2008), *appeal denied*, 968 A.2d 1280 (Pa. 2009); ***see also Commonwealth v. Bullock***, 868 A.2d 516, 529 (Pa. Super. 2005) (stating "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review"). Furthermore, this Court has held that an argument that the trial court failed to consider certain mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. ***Commonwealth v. Ratushny***, 17 A.3d 1269, 1273 (Pa. Super. 2011); ***accord Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010). As a

result, Appellant has failed to a raise a substantial question for our review.[6]

***See Edwards***, ***supra***.

Based on the foregoing, we deny Appellant's petition for permission to appeal the discretionary aspects of his sentence. Accordingly, the trial court's July 14, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015

---

[6] Even if we were permitted to address the merits, Appellant would not be entitled to relief. We note that Appellant waived the preparation of a PSI for the two docket numbers in this appeal. N.T., 7/14/14, at 18. Furthermore, the trial court states that "[a]ll relevant factors were considered, including that pre-sentence report prepared for an unrelated case[, but a sentence imposed at the same proceeding with those in this appeal], the gravity of the offenses, protection of the public, and mitigating factors[.]" Trial Court Opinion, 10/8/14, at 6.