J-S07032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BLAIR ALLEN MILLER, | : | |
| | : | |
| Appellant | : | No. 1250 MDA 2016 |

Appeal from the Judgment of Sentence June 15, 2016
in the Court of Common Pleas of Clinton County,
Criminal Division, No(s): CP-18-CR-0000191-2014;
CP-18-CR-0000247-2016; CP-18-CR-0000417-2013

BEFORE:  BOWES, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 13, 2017**

Blair Allen Miller ("Miller") appeals from the judgment of sentence imposed following his convictions of two counts of retail theft and one count of driving under the influence of alcohol ("DUI").[1]  We affirm.

The above-mentioned convictions arise out of three separate cases. On September 30, 2013, Miller was originally sentenced on one conviction of retail theft, at CP-18-CR-0000417-2013 (hereinafter "No. 417-2013"), to two years of probation.  On June 23, 2014, after Miller was again convicted of retail theft, the trial court imposed a consecutive term of probation of one year, at CP-18-CR-0000191-2014 (hereinafter "No. 191-2014").  On March 20, 2016, Miller, while still on probation on the above-mentioned cases, was arrested and charged with DUI and other violations of the Motor Vehicle Code, at CP-18-CR-0000247-2016 (hereinafter "No. 247-2016").

---

[1] **See** 18 Pa.C.S.A. § 3929(a)(1); 75 Pa.C.S.A. § 3802(a)(1).

On June 15, 2016, Miller pled guilty to DUI at No. 247-2016, and the remaining charges were dismissed. As a result of this conviction, the trial court revoked Miller's probation at Nos. 417-2013 and 191-2014. The trial court then imposed the following prison sentences,[2] and ordered them to run consecutively: (a) No. 417-2013 – 6 months to 36 months; (b) No. 191-2014 – 12 months to 60 months; and (c) No. 247-2016 – 3 days to 6 months.[3] Accordingly, Miller's aggregate sentence was 18 months and 3 days to 102 months in prison.

Miller filed a timely Motion for modification of his sentence, which the trial court denied. Miller thereafter filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. The trial court then issued a Rule 1925(a) Opinion.

On appeal, Miller presents the following issue for our review:

I. Whether the [trial] court abused its discretion in sentencing [Miller] to a maximum [aggregate] term of incarceration of [] 102 months where [Miller] was previously only placed on [] 3 years [of] probation[,] together with a new [DUI] charge[,] which carried a maximum [prison] sentence of only up to [] 6 months[?]

Brief for Appellant at 15 (capitalization and brackets omitted).

---

[2] Prior to sentencing, the trial court ordered the preparation of a pre-sentence investigation report ("PSI").

[3] As the sentences imposed at Nos. 417-2013 and 191-2014 were probation revocation sentences, the sentencing guidelines did not apply; however, these sentences were within the statutory maximum. On the DUI conviction, the sentence imposed was the statutory minimum permissible.

Miller's claim challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review, by raising it in a timely post-sentence motion, he must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Hill*, 66 A.3d at 363-64.

Miller included a Rule 2119(f) Statement in his brief. *See* Brief for Appellant at 13-14. Accordingly, we will examine the Rule 2119(f) Statement to determine whether Miller has presented a substantial question. *See Hill*, *supra*. Miller asserts that the trial court abused its discretion by imposing a manifestly excessive and unreasonable sentence, where the court ordered the sentences imposed on the three separate cases to run consecutively, and failed to adequately consider his rehabilitative needs. Brief for Appellant at 13-14.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted); *see also* 42 Pa.C.S.A. § 9781(b).

Here, we determine that Miller's claim presents a substantial question. *See Commonwealth v. Bonner*, 135 A.3d 592, 604 (Pa. Super. 2016) (concluding that a claim of an excessive sentence, based upon the imposition of consecutive, standard range sentences and the court's failure to consider the appellant's rehabilitative needs, raises a substantial question); *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (same). Accordingly, we will address the merits of Miller's claim, mindful of our standard of review: "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012) (citation omitted). Moreover, the sentencing court has broad discretion in choosing the range of permissible confinement that best suits a particular defendant and the circumstances surrounding his crime. *Commonwealth v. Walls*, 846 A.2d 152, 154-55 (Pa. Super. 2004). The Sentencing Code sets forth the considerations a trial court must take into account when formulating a sentence, providing that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact

- 4 -

on the life of the victim and on the community, and the rehabilitative needs

of the defendant." 42 Pa.C.S.A. § 9721(b).

Concerning the trial court's probation revocation sentences imposed at

Nos. 417-2013 and 191-2014, we are mindful that

> [u]pon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). Upon revocation of probation[,] the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.
>
> 42 Pa.C.S.A. § 9771(c).

> In addition, in all cases where the court resentences an offender following revocation of probation[,] the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed[,] and failure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (some

citations, ellipses, brackets, and quotation marks omitted).

Miller argues that his aggregate sentence was clearly unreasonable and excessive, placing particular emphasis upon the fact that, prior to the instant sentencing, he had received only sentences of probation for his convictions of retail theft. Brief for Appellant at 22-23; **see also id.** at 23 (asserting that the maximum aggregate sentence imposed in the instant case "was almost triple what [Miller] had previously received on the probationary sentences."). Miller also appears to contend that the sentencing court did not give adequate consideration to his particular rehabilitative needs, asserting that (1) although he was 24 years old at the time of sentencing, he will be incarcerated until he is at least 32 years old; (2) he was employed at the time of his arrest for DUI in March 2016; and (3) he has a child. **Id.** at 23.

In its Rule 1925(a) Opinion, the trial court addressed Miller's challenge to his sentence as follows:

> Th[e sentencing c]ourt … had possession of the [PSI,] which was reviewed ….[4] At the time of sentencing, [Miller] was twenty-four [] years old, single and had one [] child. [Miller] had received a high school diploma and was currently employed. [Miller's] prior record consisted of a Retail Theft offense in 2013[,] which was a misdemeanor of the second degree; another Retail Theft offense in 2013[,] which was a misdemeanor of the first degree; Possession of a Controlled Substance [], an ungraded misdemeanor[,] in 2013; Possession of Drug Paraphernalia, an ungraded misdemeanor[,] in 2013;

---

[4] Where a sentencing court is informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that "where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009).

and three (3) Retail Theft offenses, felonies of the third degree[,] in 2014. The Commonwealth[,] at sentencing[,] requested to play the video from the Pennsylvania State Police [Trooper's] dashboard camera that was taken on the evening that [Miller] was arrested for [DUI]. [Miller] was extremely uncooperative with Trooper Benjamin Campana of the Pennsylvania State Police in the early morning hours of March 20, 2016. [Miller] had been operating a vehicle on State Route 150[,] traveling South at a speed of ninety-one [] miles per hour in a fifty-five [] mile an hour zone. When stopped, [Miller] denied consuming alcoholic beverages[,] even though the alcoholic beverage was in plain view in the vehicle[,] and then ridiculed, harassed, and failed to follow directions of Trooper Campana and Trooper Riggle, who was accompanying Trooper Campana that day. These actions occurred before, during, and after [Miller] was placed under arrest and placed in the Pennsylvania State Police patrol vehicle. This [c]ourt would note that [Miller] had a similar situation in [] No. 191-2014[,] when [Miller] was arrested where [he] failed to obey the lawful commands of Trooper William Ritrosky and Trooper Shane Buffone. At the time of that arrest on March 29, 2014, [Miller] failed to comply with directions and resisted and ended up being taken to the ground. After being placed in the Pennsylvania State Police patrol vehicle, [Miller] continued to scream and make unreasonable noise.

In [Miller's PSI], the Clinton County Adult Probation Office had indicated that [he] has failed to comply with [his] supervision conditions numerous times. This [c]ourt had found that this was absolutely true. [Miller] had not benefited from the attempts of this [c]ourt and the County Probation Office to assist in [his] rehabilitation. This [c]ourt believes there is sufficient evidentiary basis to support its sentencing decisions, absence of bias, prejudice or improper motive, and that no violations of the Sentencing Code or the norms of the sentencing process occurred.

Trial Court Opinion, 8/26/16, at 2-4 (footnote added).

Upon review, we discern no abuse of discretion in the trial court's sentencing of Miller. Contrary to Miller's claim, the mere fact that he had previously received sentences of probation at Nos. 417-2013 and 191-2014

does not mean that the trial court could not impose a term of incarceration upon revocation of his probation. **See Colon**, **supra**. The record demonstrates that the trial court reasonably concluded that probation was ineffective in rehabilitating Miller and that total confinement was necessary. **See** Trial Court Opinion, **supra**; **see also** N.T., 06/15/16, at 12 (wherein the court stated at sentencing, "[i]t's clear to the [c]ourt that county supervision, parole and probation has not worked[,]" and noted the court's "understand[ing that Miller] is claiming that he doesn't have a drug and alcohol issue or any issues and this was a slip in his recovery."). Moreover, the record clearly belies Miller's claim that the trial court failed to adequately consider his rehabilitative needs, which the court expressly stated it had considered. Finally, we do not deem the aggregate sentence imposed to be excessive or unreasonable, particularly where the trial court found, and the evidence supports, that the probationary sentences that Miller had previously received were ineffective at rehabilitating him. Indeed, the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. **See Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014).

Accordingly, we discern no abuse of discretion by the trial court in sentencing Miller to a reasonable term of incarceration, and his sole issue on appeal thus entitles him to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017