J-S49008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ROBERT LELLOCK, | : | |
| Appellant | : | No. 1269 WDA 2016 |

Appeal from the Judgment of Sentence July 21, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003936-2013,
CP-02-CR-0013778-2012

BEFORE: DUBOW, J., SOLANO, J., and FITZGERALD J.[*]

MEMORANDUM BY DUBOW, J.:                              **FILED AUGUST 16, 2017**

Appellant, Robert Lellock, appeals from the Judgment of Sentence entered July 21, 2016, in the Court of Common Pleas of Allegheny County. After careful review, we conclude that the trial court did not abuse its discretion or impose an unreasonable sentence where Appellant used his position of authority as a School Police Officer and threats of violence to sexually abuse his four minor victims.[1]  We, therefore, affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We remind the parties that the four men who testified against Appellant were minors when Appellant sexually abused them, and their anonymity should be protected in future filings before this Court.  **See** 42 Pa.C.S. § 5988(a).

The relevant facts, as summarized by this Court in a prior appeal, are as follows:

> The evidence presented at trial established that Arthur Rooney Middle School, located on the North Side of the City of Pittsburgh, opened for the 1998-1999 school year. At that time Appellant, a Pittsburgh School Police Officer, would patrol the school and assist with various disciplinary matters. Appellant was observed by several teachers frequently taking male students out of class, including the four (4) victims herein: [S.L. ("Victim 1"), J.W. ("Victim 2"), C.O. ("Victim 3"), and D.J. ("Victim 4")]. Upon taking the boys out of class, Appellant would take them to a janitor's closet where he would touch their nipples and penises through and underneath their clothing. Particularly with regard to [Victim 1], Appellant would masturbate the boy's penis until he ejaculated and make the boy do the same to him. On several occasions, Appellant made him "kiss" the head of his penis, and when the child did so, he would force his penis into his mouth. In order to ensure [Victim 1's] silence, he threatened the child with violence against him and his family and also threatened criminal prosecution for stolen credit cards [Victim 1] had in his possession the first time they met.

***Commonwealth v. Lellock***, No. 2021 WDA 2013, unpublished memorandum at 2-3 (Pa. Super. filed April 23, 2015).

On November 21, 2012, the Commonwealth charged Appellant, by criminal information, with numerous offenses arising from his sexual abuse of the four victims, although many of the charges were withdrawn or dismissed prior to trial. At the time of trial, Appellant was facing thirteen charges broken down as follow:

- At CP-02-CR-0013778-2012, for the sexual abuse of Victim 1: Involuntary Deviate Sexual Intercourse ("IDSI"), victim under 16;

Endangering the Welfare of a Child; Corruption of a Minor; and Indecent Assault, victim under 16.[2]

- At CP-02-CR-0013778-2012, for the sexual abuse of Victim 2: Endangering the Welfare of a Child; and Corruption of a Minor.[3]

- At CP-02-CR-0013778-2012, for the sexual abuse of Victim 3: Endangering the Welfare of a Child; Corruption of a Minor, and Indecent Assault, victim under 16.[4]

- At CP-02-CR- 0003936-2013, for the sexual abuse of Victim 4: Criminal Solicitation of IDSI, victim Endangering the Welfare of a Child; Corruption of a Minor, and Indecent Assault.[5]

*See* Criminal Information, CP-02-CR-0013778-2012, filed 11/21/12; Criminal Information, CP-02-CR- 0003936-2013, filed 3/13/13.

On July 29, 2013, the jury convicted Appellant on all counts. On October 22, 2013, the trial court held a Sexually Violent Predator ("SVP") hearing, at which the court deemed Appellant to be an SVP. Immediately thereafter, the trial court sentenced Appellant to an aggregate term of 32 to 64 years of incarceration. Included in that sentence were two then-applicable mandatory minimum sentences of 10 to 20 years of incarceration

_____

[2] 18 Pa.C.S. §§ 3123(a)(7), 4304(a), 6301(a)(1), and 3126(a)(8), respectively.

[3] 18 Pa.C.S. §§ 4304(a) and 6301(a)(1), respectively.

[4] 18 Pa.C.S. §§ 4304(a), 6301(a)(1), and 3126(a)(8), respectively.

[5] 18 Pa.C.S. §§ 902(a), 4304(a), 6301(a)(1), and 3126(a)(8), respectively.

for the charges of IDSI and Criminal Solicitation of IDSI.[6]  **See** Order of Sentence, CP-02-CR-0013778-2012, dated 10/22/13; Order of Sentence, CP-02-CR- 0003936-2013, dated 10/22/13.

Appellant filed a timely appeal challenging, *inter alia*, the discretionary aspects of his sentence.  While his appeal was pending, this Court struck down the mandatory scheme under which the trial court had sentenced Appellant.  **See Commonwealth v. Wolfe**, 106 A.3d 800, 806 (Pa. Super. 2014) (finding 42 Pa.C.S. § 9718 facially void).  Therefore, this Court vacated Appellant's Judgment of Sentence and remanded for resentencing on the two IDSI counts, without considering Appellant's challenge to the discretionary aspects of his sentence.  **Lellock, supra** at 11-12.

On July 21, 2016, the trial court held a resentencing hearing on remand.  The trial court acknowledged that it had reviewed a Sentencing Memorandum, a Supplemental Sentencing Memorandum, letters and certifications in support of Appellant, a Pre-Sentence Investigation ("PSI") Report, and the Sentencing Guidelines.  N.T., 7/21/16, at 2.  The trial court emphasized that it was not imposing mandatory minimum sentences.  N.T., 7/21/16, at 8.  Then, although no longer bound by any applicable mandatory minimum sentence, the trial court re-sentenced Appellant to an aggregate

---

[6] **See** 42 Pa.C.S. § 9718.

term of 32-64 years of imprisonment.[7] The trial court made limited remarks at resentencing, but incorporated by reference the remarks made when imposing Appellant's original sentence.

Appellant filed a Post-Sentence Motion alleging that his sentence, which included multiple statutory maximum sentences consecutive to one another, was manifestly unfair and unreasonable. On July 28, 2016, the trial court denied Appellant's Post-Sentence Motion.

Appellant filed a timely Notice of Appeal on August 25, 2016. The trial court and Appellant both complied with Pa.R.A.P. 1925.

On appeal, Appellant purports to raise a single issue, which we have separated into its component parts for ease of disposition.[8]

> [1.] Is the imposition of an aggregate sentence of 32 to 64 years' incarceration manifestly excessive, unreasonable, and an abuse of the sentencing court's discretion in that the sentence, which includes the maximum sentence possible on the six counts on which sentence was imposed, all sentences well above the aggravated range, and all served consecutively, is not supported by reasons on the record for imposing the maximum sentence and wholly disregards the guideline ranges for these offenses?

---

[7] This included two consecutive terms of 10 to 20 years of imprisonment for IDSI and Criminal Solicitation of IDSI.

[8] Although we find Appellant's Brief to be otherwise well-organized and well-written, Appellant poses two distinct challenges to the discretionary aspects of his sentence as a single issue. Moreover, the argument portion of his Brief fails to clearly delineate the two claims. We remind Appellant of his obligation to clearly divide the argument portion of his Brief, with a separate section addressed to each question raised. Pa.R.A.P. 2119(a).

> [2.]  Also, was the aggregate sentence imposed an abuse of discretion in that the 48-year-old Appellant, with a prior record score of zero, is now serving a *de facto* life sentence?  In other words, did the court fail to consider, as it must, Appellant's need for rehabilitation, instead focusing solely upon the seriousness of the crime, and imposing a manifestly excessive, irrational, and unreasonable sentence which does not comport with principles of individualized sentencing?

Appellant's Brief at 9 (paragraph break and numbering inserted for clarity).

Appellant's claims both challenge the discretionary aspects of his sentence.  A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right.  *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013).  Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) include in his brief "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[,]" pursuant to Pa.R.A.P. 2119(f); and (2) "show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code."  *Id.* at 363-64.

In the instant case, Appellant filed a timely Notice of Appeal and a timely Post-Sentence Motion.  He also included a separate Pa.R.A.P. 2119(f) Statement in his Brief.  Appellant's Brief at 16-24.  Finally, both of Appellant's claims—that the trial court failed to state the reasons for the sentence imposed, and that the trial court imposed an unreasonable sentence while ignoring the sentencing guidelines and relevant sentencing

criteria—present a substantial question for our review. ***See Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (holding that an "[a]ppellant's contention that the sentencing court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review."). ***See also Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012) (finding a substantial question exists where appellant claims "that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant, as 42 Pa.C.S.A. § 9721(b) requires, and instead focused on the injuries suffered by the complaining victims.").

Accordingly, we address the merits of Appellant's claims, mindful of our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

**Statement of Reasons for Sentence Imposed**

Appellant avers that the trial court failed to adequately state on the record its reasons for the sentence imposed. Appellant's Brief at 28-31, 39-40.

Where a trial court imposes a sentence outside of the sentencing guidelines, 42 Pa.C.S. § 9721(b) requires the trial court to provide, in open court, a "contemporaneous statement of reasons in support of its sentence." **Commonwealth v. Bowen**, 55 A.3d 1254, 1264 (Pa. Super. 2012). To satisfy the requirements of Section 9721(b), the trial court must:

> demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

**Id.** (brackets and citation omitted).

The on-the-record disclosure requirement does not require the trial court to make "a detailed, highly technical statement." **Commonwealth v. Hunter**, 868 A.2d 498, 514 (Pa. Super. 2005). Where the trial court has the benefit of a PSI Report, our Supreme Court has held that "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128,

- 8 -

1135 (Pa. Super. 2009) (discussing *Commonwealth v. Devers*, 546 A.2d 12, 18-19 (Pa. 1988)). Where the trial court has reviewed the PSI, it may properly "satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." *Id.*

At Appellant's resentencing, the trial court acknowledged that it had received and reviewed (i) a Sentencing Memorandum; (ii) a Supplemental Sentencing Memorandum, which included "letters and certifications" in support of Appellant; (iii) the sentencing guidelines; and (iv) a PSI Report. N.T., 7/21/16, at 2. In addition, Appellant's counsel addressed the sentencing court, highlighting Appellant's military service, academic achievements, prior good deeds caring for family members, and potential to successfully re-enter society under close supervision later in life. *Id.* at 3-6. Finally, prior to imposing sentence, the court incorporated its prior remarks from Appellant's initial sentencing, namely:

> Mr. Lellock, I guess I could say that you certainly define the term terribly heinous crime. You violated a position of authority. You chose young men that you thought were vulnerable. One had just moved here. One had been in trouble. There was some indication that you gave them marijuana. You pulled the kids out of school over and over and over and over and you violated them over and over and over. These children have an impact that affects their lives even today. You thought that they were weak children that you could take advantage of, but, Mr. Lellock, you are wrong. They are strong children and they came to court and they stood up to you, and they are a lot stronger than you have ever been or ever will be.

> You have been classified as a sexually violent predator. I find [that] you are a danger to the community.

N.T., 10/22/13, at 28-29. **See also** N.T., 7/21/16, at 8 ("I'm going to incorporate the reasons I gave from the original sentence into this sentencing[.]").

Appellant acknowledges these statements from the sentencing court, but avers that a new sentencing proceeding is required because "[w]ithout discussion on the record of the defendant's personal circumstances, or indeed anything on the record about the defendant's history, [the Superior Court] cannot determine whether the punishment imposed fits either the crime or the defendant." Appellant's Brief at 39.

Appellant overlooks the well-settled principle that where the trial court has reviewed the PSI Report, it may properly "satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." **Ventura, supra** at 1135. Here, the trial court acknowledged receiving and reviewing Appellant's PSI Report, as well as additional supporting information provided by Appellant in his Sentencing Memorandum and Supplemental Sentencing Memorandum. The seven-page Sentencing Memorandum, which is included in the certified record, includes a detailed history of Appellant's "law-abiding, family-focused life prior to these convictions." Sentencing Memorandum, filed 7/11/16, at 4.

We, therefore, conclude that the trial court adequately stated its reasons for imposing sentence, and Appellant is not entitled to relief on this claim.

**Manifest Excessiveness Claim**

Appellant's related claim—that the trial court imposed an unreasonable sentence while ignoring the sentencing guidelines and relevant sentencing criteria—also presents a substantial question for our review. *See* discussion *supra*, at *6-7. Accordingly, we turn to the merits of this claim, mindful that we review the sentence imposed for a manifest abuse of discretion. *See id.* at *7.

Where the trial court deviates above the guidelines, this Court may only vacate and remand a case for resentencing if we first conclude that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). Although the Sentencing Code does not define the term "unreasonable," our Supreme Court has made clear that "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guideline ranges[.]" *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007). This is especially true "when the unreasonableness inquiry is conducted using the proper standard of review[,]" *i.e.*, for a manifest abuse of discretion. *Id.*

A trial court may deviate above the sentencing guidelines and impose a statutory maximum sentence without necessarily committing a manifest abuse of discretion. *See Commonwealth v. Rossetti*, 863 A.2d 1185, 1194-95 (Pa. Super. 2004) (affirming a statutory maximum sentence imposed after the trial court considered and balanced all of the relevant mitigating and aggravating facts). Similarly, trial courts are given wide latitude on whether to impose multiple sentences concurrent or consecutive to one another, even where the aggregate sentence imposed greatly exceeds the sentence on any one count. *See Commonwealth v. Austin*, 66 A.3d 798, 809 (Pa. Super. 2013) (affirming the imposition of 47 consecutive sentences for child pornography, resulting in an aggregate sentence of 35 to 70 years of imprisonment). Finally, it is axiomatic that a defendant who committed multiple crimes is not entitled to a "volume discount" simply because the trial court sentences him for his separate offenses in a single proceeding. *See Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995) (explaining that a defendant is not entitled to a "volume discount" for his or her crimes).

In the instant case, the trial court sentenced Appellant to the statutory maximum sentence on six counts, each consecutive to one another, and to no further penalty on the remaining seven counts. Although these sentences fell outside of the sentencing guidelines, we do not agree with

Appellant that the trial court abused its discretion or otherwise erred in imposing an aggregate sentence of 32 to 64 years of imprisonment.

The trial court took great care to emphasize for which victim it imposed each sentence. We agree that separate sentences imposed for each victim are worth noting in the instant analysis. As detailed **supra**, Appellant's aggregate sentence of 32 to 64 years of imprisonment is comprised of a 10 to 20 year sentence for Victim 1, a 6 to 12 year aggregate sentence for Victim 2, a 6 to 12 year aggregate sentence for Victim 3, and a 10 to 20 year sentence for Victim 4. Appellant is not entitled to a "volume discount" just because when his crimes came to light years later, he was tried and sentenced for these separate offenses in a single proceeding.

Although Appellant alleges the sentencing court failed to adequately consider a myriad of sentencing factors, the record of events preceding the court's imposition of sentence belie Appellant's claim. At each stage of Appellant's prosecution, the trial court heard testimony or argument attesting to Appellant's good deeds, prior achievements, and lack of criminal record. However, the trial court also heard a myriad of testimony justifying a deviation above the sentencing guidelines, including how Appellant used his position of authority to sexually abuse four children and used threats of physical violence and criminal prosecution to silence his victims.

Finally, while Appellant makes much of the fact that the trial court imposed the statutory maximum sentence on those convictions where it did

impose sentence, Appellant ignores the fact that the trial court declined to impose punishment on over half of the counts of which the jury convicted Appellant.

Although the sentences imposed on six of the thirteen convictions exceeded the sentencing guidelines, the aggregate sentence was not unreasonable in light of the number of victims, the especially heinous nature of the offenses, and the fact that no further penalty was imposed on seven additional convictions. We conclude that the trial court, having considered all of the pertinent aggravating and mitigating information, did not abuse its discretion in sentencing Appellant to consecutive statutory maximum terms of imprisonment.

Judgment of Sentence affirmed.

Judge Solano joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/2017