**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**KALEE HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 11, 2013.

Filed April 10, 2013.

Earl D. Raynor, Jr., Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., WECHT, J., and COLVILLE, J.*

OPINION BY STEVENS, P.J.

Kalee Hill (hereinafter "Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on October 26, 2011, at which time he was sentenced to an aggregate term of thirty-five (35) years to seventy (70) years in prison following his open guilty plea to three counts of Aggravated Assault and to one count of Persons not to possess, use, manufacture, control, sell or transfer firearms.[1] Appellant also received a consecutive term of four (4) years to eight (8) years in prison for a probation violation (VOP). Upon our review of the record, we vacate and remand for resentencing.

This matter arises following Appellant's entry of an open guilty plea on August 24, 2011, to the aforementioned crimes which occurred on June 12, 2011. On that date at approximately 9:45 p.m., Appellant was standing near a busy intersection in Philadelphia during which time a car circled the block prior to slowing down in front of him. N.T., 10/26/11, at 18. Appellant took out a gun and opened fire at the vehicle. *Id.* Mr. Raymond Erwin, who was speak-

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. § 2702; 18 Pa.C.S.A. § 6105, respectively.

ing with a friend nearby, was struck by a stray bullet fired from Appellant's gun as was Ms. Mimine Hein, a young woman who was nine months pregnant and in the vicinity to pick up her husband and daughter. *Id.* at 10. The Commonwealth acknowledged that the shooting of Mr. Erwin and Ms. Hein was unintentional, though it also stressed that this did not mitigate the crimes he had committed. *Id.* at 20–21.

Mr. Erwin testified that as a result of the injuries he sustained in the shooting, he had a gastronomy tube implanted for one year, had undergone three surgeries prior to the date of sentencing, and had a fourth surgery scheduled for November 15, 2011. *Id.* at 7. Ms. Hein testified that she had been shot in her left arm which rendered her unable to lift it. As a result, she is no longer able to work in the field of hair braiding. *Id.* at 11.

A sentencing hearing was held on October 26, 2011, after which the sentencing court imposed consecutive sentences of ten (10) years to twenty (20) years in prison for each of the Aggravated Assault counts followed by a consecutive sentence of five (5) years to ten (10) years in prison on the firearms charge. The VOP sentence for a prior Possession with Intent to Deliver conviction was a consecutive term of four (4) years to eight (8) years' imprisonment.

On November 3, 2011, Appellant filed his Motion for Reconsideration of Sentence, and the sentencing court denied the same on November 10, 2011. Appellant filed a timely notice of appeal.

On January 17, 2012, Appellant filed his 1925(b) Statement of Questions Presented, and in his brief Appellant raises two questions for our review:

1. Whether the lower court abused its discretion in holding Gagnon[2] hear-

ing, finding Appellant in violation of probation and imposing new sentence of four (4) to eight (8) years, where lower court terminated probation, in *case sub judice,* on January 11, 2011, more than six months prior to Appellant's June 12, 2011 arrest?

2. Whether the lower court abused its discretion in denying Appellant's application for continuance of sentencing hearing, in order for the court to obtain complete mental health evaluation, and instead proceeded to sentencing, without stating adequate reasons for the omission?

Brief for Appellant at 6 (emphasis in original).

■ Following probation violation proceedings, this Court's scope of review is limited to verifying the validity of the proceeding and the legality of the sentence imposed. *Commonwealth v. Heilman,* 876 A.2d 1021, 1026 (Pa.Super.2005) (citation omitted).

■ Appellant first argues the sentencing court had no standing to conduct a *Gagnon* hearing where Appellant's probation had been previously terminated and, therefore, the sentence is illegal and must be vacated. Brief for Appellant at 10. To the contrary, the Commonwealth asserts this claim involves a challenge to the discretionary aspects of Appellant's sentence and is waived and unreviewable as a matter of law for Appellant's failure to indicate the relevant docket number in his Notice of Appeal, to raise the claim at sentencing or in his statement of errors complained of on appeal, and to provide this Court with the notes of testimony of any probation hearing that may have occurred on Janu-

2. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct.    1756, 1761, 36 L.Ed.2d 656 (1973).

ary 11, 2011. Commonwealth's Brief at 4–6.

"Under Pennsylvania law, a challenge to the validity of a sentence is a challenge to its legality." *Commonwealth v. Arest,* 734 A.2d 910, 912 n. 2 (Pa.Super.1999). "If a court does not possess statutory authorization to impose a particular sentence, then the sentence is illegal and must be vacated." *Id.* (citation omitted). *See also Robinson,* 931 A.2d at 21 (an illegal sentencing claim is one which implicates "the fundamental legal authority of the court to impose the sentence it did."); *Commonwealth v. Pinko,* 811 A.2d 576, 577 (Pa.Super.2002) ("The matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality.").

*Commonwealth v. Wilson,* 11 A.3d 519, 524 (Pa.Super.2010). *See also Commonwealth v. Catt,* 994 A.2d 1158, 1160 (Pa.Super.2010) (en banc) (citations omitted) (finding that a claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence, and if no statutory authorization exists for a particular sentence, that sentence is illegal, must be vacated and is subject to correction).

In the matter *sub judice,* the entire portion of the sentencing proceeding devoted to Appellant's alleged probation violation is made up of two sentences. First, the sentencing court stated: "Case Number 36, is the VOP, I will be sentencing on that on the PWIB [sic]." N.T., 10/26/11, at 25. Thereafter, the sentencing court provided "[s]entence on the VOP, PWID would be 4 to 8 years." N.T., 10/26/11, at 26.

Our review of the certified record reveals that an Order with the subtitle "Negotiated Guilty Plea" was entered on Janu-ary 27, 2009, in Docket No: CP–51–CR–0011036 wherein Appellant was sentenced to a maximum three year term of probation for a violation of 35 § 780–113(a)(30) Manufacture Deliver Possession with Intent to Manufacture or Deliver. The docket entries indicate that on October 26, 2009, the Honorable Pamela Pryor Dembe issued a bench warrant for a probation violation. Two subsequent docket entries entered on January 11, 2011, and issued by the sentencing court denote an Order Terminating Probation and Detainer Lifted, respectively. Thereafter, an entry on January 19, 2011, represents that Judge Dembe lifted the bench warrant for probation violation. There are no corresponding documents in the certified record with regard to these entries, though they suggest that Appellant was no longer on probation following January 11, 2011. The trial court's Opinion filed pursuant to Pa.R.A.P. 1925(a) does little to clarify Appellant's probationary status, for while the sentencing court states therein that it revoked Appellant's **parole,** it did not specifically indicate whether was revoking probation or parole on the record at the time of sentencing.

The Commonwealth reasons in its Brief that the lack of an Order in the file terminating probation reveals that:

the January 11, 2011, docket entry indicating the existence of an 'Order Terminating Probation' is *likely* either *mistakenly* transcribed on the docket for CP–51–CR–0011036–2008 (the drug trafficking offense for which [Appellant] was sentenced to the three-year probationary term) when it properly should have been transcribed on the docket for an earlier probationary sentence on docket number MC–51–CR–0022282–2088 imposed by Judge Means *that would have expired* around that date.

The January 11, 2011, entry on the docket for CP–51–CR0011036–2008, indicating the existence of an "Order Terminating Probation" only *two* years after the *three-year* probationary term imposed for drug trafficking, was *very likely* mistaken. [Appellant] had a different probationary sentence imposed by Judge Means that *would have expired* on that date: the twelve-month probationary term imposed for a January 27, 2009, drug possession conviction (MC–51–CR0022282–2008).

\*    \*    \*

Since the written order in this instance indicates that [Appellant's] probationary term for CP–51–CR–0011036–2008 was a three year term, and [Appellant] has provided nothing to contradict that order save for the ambiguous docket entry, the written order controls and [Appellant's] waived, unreviewable and meritless claim fails. [*Commonwealth v.*] *Borrin*, 12 A.3d [466], 433 [ (Pa.Super.2011) *(en banc), appeal granted,* 610 Pa. 551, 22 A.3d 1020 (Pa.2011).] [3]

Commonwealth's Brief at 7, 10 (bold in original) (underline added).

■ As the Commonwealth's own uncertain explanation for the January 11, 2011, docket entry acknowledges, based upon the record before us, we cannot discern for certain whether the trial court illegally sentenced Appellant to a four (4) year to eight (8) year prison term for a probation violation on October 26, 2011. As such, we are constrained to vacate and remand for the sentencing court to clarify whether Appellant was on probation at the time of his sentencing on October 26, 2011. If, indeed, Appellant had been on probation at that time, the sentencing court may conduct a proper *Gagnon* hearing and resentence him for violating his probation accordingly.

■ Appellant's second claim concerns the discretionary aspects of his sentence. Appellant's guilty plea does not bar a discretionary sentencing challenge because there was no agreement as to the sentence Appellant would receive. *See Commonwealth v. Ritchey,* 779 A.2d 1183, 1185 (Pa.Super.2001) (acknowledging precedent that where there are no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a subsequent challenge to the discretionary aspects of sentencing). Accordingly, we apply the following standard of review:

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that

---

**3.** In *Borrin,* the sentencing court issued an order modifying the defendant's sentence to reflect its intention to impose consecutive, rather than concurrent, sentences. The defendant appealed, and a panel of this Court sitting *en banc* held that the alleged error in the sentencing order was not a "clear clerical error" as required to provide the sentencing court with the inherent authority to clarify its original order. On June 21, 2011, our Supreme Court granted the Commonwealth's petition for allowance of appeal on the issue of "[w]hether the Superior Court erred in reversing the trial court's order correcting a clerical error and clarifying the court's judgment of sentence." *Commonwealth v. Borrin,* 610 Pa. 551, 22 A.3d 1020 (2011).

there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits. *Commonwealth v. Ahmad,* 961 A.2d 884, 886–87 (Pa.Super.2008) (citations, quotation marks and footnote omitted).

*Commonwealth v. Brooks,* 2013 WL 66474, at *3 (Pa.Super. Jan. 7, 2013) (italics in original).

■ Herein Appellant filed his Petition for Reconsideration of Sentence, wherein he argued that the mental health evaluation was not sufficient for sentencing. *See* Appellant's Petition for Reconsideration of Sentence at ¶ 5(h). However, Appellant's appellate brief does not contain the requisite Rule 2119(f) concise statement. As such, he is in not technical compliance with the requirements to challenge the discretionary aspects of a sentence. *Commonwealth v. Rhoades,* 8 A.3d 912, 916 (Pa.Super.2010), *appeal denied,* 611 Pa. 651, 25 A.3d 328 (2011), *cert. denied, Rhoades v. Pennsylvania,* — U.S. ——, 132 S.Ct. 1746, 182 L.Ed.2d 536 (2012). Moreover, Appellant's claim concerns the failure of the trial court to obtain a complete mental health evaluation prior to sentencing. This Court has found "an appellant's allegation that the trial court imposed sentence without considering the requisite statutory factors or stating adequate reasons for dispensing with a *pre-sentence* report [raises] a substantial question."

*Commonwealth v. Kelly,* 33 A.3d 638, 640–641 (Pa.Super.2011) (emphasis added) (citation omitted). However, Appellant has not provided authority for the proposition that a substantial question is raised where a complete mental health evaluation is not considered prior to sentencing.

Nevertheless, prior to sentencing, the sentencing court initially had rescheduled the sentencing to November 23, 2011, in light of the fact that a presentence report had been prepared, though a mental health evaluation had not been completed. The sentencing court agreed to hear the testimony of the two victims. The Commonwealth then indicated that the mental health evaluation could be completed at that time, after which the sentencing court ordered that it be done and counsel for Appellant objected in that Appellant's mother, who wished to testify, had left the courtroom. N.T., 10/26/11, at 13. The case was put on hold so that a mental health evaluation might be obtained. *Id.* at 15. When the case resumed, the trial court indicated that it had a PSI and that it had now obtained a mental health evaluation. *Id.* The report concluded that Appellant was competent for trial and suffered no mental illness, which corroborated Appellant's own acknowledgement on the record that he had no history of mental illness, serious emotional disorders, or thoughts of suicide. N.T., 10/26/11, at 17–18. In light of our determination herein, if a full psychiatric evaluation has been prepared the sentencing court shall consider the same at the time of resentencing.

Judgment of sentence vacated. Case remanded for resentencing consistent with this Opinion. Jurisdiction relinquished.