J-S25036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY GILLCRESE, | |
| Appellant | No. 1838 WDA 2014 |

Appeal from the Judgment of Sentence September 8, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0005907-2014

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 28, 2015**

Appellant, Timothy Gillcrese, appeals from the judgment of sentence imposed after his bench trial conviction of simple assault and summary harassment.[1]  We affirm.

On June 10, 2014, the Commonwealth filed an information charging Appellant with the aforementioned crimes for the assault of his ex-girlfriend (the Victim).  Specifically, Appellant struck the Victim in the face and shoulder, and choked her.  On September 8, 2014, the case proceeded to a bench trial, at the conclusion of which the court convicted Appellant of simple assault and summary harassment.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2709(a)(1), respectively.

The same day, the court sentenced Appellant to six months' house arrest with work release, concurrent to two years' probation. (*See* Order of Sentence, 9/08/14, at 1). Appellant filed a post-sentence motion *nunc pro tunc*, which the court denied on October 9, 2014. Appellant timely appealed.[2]

Appellant raises one question for our review: "[Whether the] sentencing court abuse[d] its discretion by imposing a sentence without adequately addressing all required sentencing factors, such as the protection of the public, and the gravity of the offense and its influence on the victim and the community?" (Appellant's Brief, at 6) (capitalization omitted).

Appellant's issue challenges the discretionary aspects of his sentence, which "must be considered a petition for permission to appeal." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted). To preserve claims relating to the discretionary aspects of a sentence properly, an appellant must first raise them with the trial court. *See Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011).

Here, Appellant's post-sentence motion alleged that his sentence of house arrest was unreasonable where he has not contacted the Victim since

---

[2] Appellant filed a timely statement of errors on December 22, 2014 pursuant to the court's order. *See* Pa.R.A.P. 1925(b). The court filed an opinion on January 15, 2015. *See* Pa.R.A.P. 1925(a).

the incident, the Victim was not interested in him being incarcerated, and he is not a threat to the community. (*See Nunc Pro Tunc* Post-Sentence Motion, 9/23/14, at unnumbered page 3). Appellant did not raise the issue of the trial court's alleged failure to address "all required sentencing factors[.]" (Appellant's Brief, at 6; *see also Nunc Pro Tunc* Post-Sentence Motion, 9/23/14, at unnumbered page 3). Therefore, we deem Appellant's claim waived. *See Foster*, *supra* at 163.

Moreover, the issue would not merit relief. We observe that:

When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits.

*Commonwealth v. Hill*, 66 A.3d 359, 363-64 (Pa. Super. 2013) (citations omitted) (emphases in original).

In this case, Appellant filed a Rule 2119(f) statement, in which he alleges that, when imposing sentence, the trial court failed "to adequately consider all statutorily required factors set forth in 42 Pa.C.S.A. § 9721(b) of

the Sentencing Code, such as the protection of the public, [] the gravity of the offense[,] and how it impacted the victim and the community." (Appellant's Brief, at 15; *see also id.* at 14-16). This issue raises a substantial question. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013).

Our standard of review of a sentencing challenge is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted). Moreover, "the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence." *Glass*, *supra* at 727-28 (citing *Commonwealth v. Walls*, 926 A.2d 957, 964-65 (Pa. 2007)).

Here, our independent review of the record reveals that, in formulating Appellant's sentence, the court considered the sentencing guidelines in combination with other relevant factors. For example, it weighed Appellant's criminal record, the fact that he is a father, and that he works illegally as a

jitney driver. (*See* N.T. Non-Jury Trial and Sentencing, 9/08/14, at 103-04). In assessing Appellant's character, the court found that he was not credible, and that he was "telling whoppers." (*Id.* at 117). The Victim testified at sentencing that, since the attack, she is afraid whenever she is at home and that she "just want[s] to feel safe for once." (*Id.* at 106; *see id.* at 105). The court observed that "[a] [forty-two]-year-old man resolves his argument with his girlfriend by smacking her around and choking her. What interest does the community have with that?" (*Id.* at 102-03). Finally, prior to imposing sentence,    the court considered the mitigating evidence that Appellant and the Victim had a long history prior to this incident that did not include any violence, and that Appellant had not attempted to contact the Victim since the assault. (*See id.* at 109-10, 119).

Based on the foregoing, and our review of the record as a whole, we conclude that Appellant has failed to establish that the trial court either abused its discretion or committed an error of law in imposing his sentence. *See Glass*, *supra* at 727. Therefore, even if not waived, his issue would not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/28/2015</u>