J-S20032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID MARTIN HOUDESHELL, | |
| Appellant | No. 1294 WDA 2015 |

Appeal from the Judgment of Sentence July 14, 2015
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0003289-2006

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                                  **FILED MARCH 04, 2016**

Appellant, David Martin Houdeshell, appeals from the judgment of sentence entered after his guilty plea to one count each of defiant trespass and false identification to law enforcement.[1]  Specifically, he argues that his sentence was manifestly excessive.  We affirm.

We take the facts and procedural history from our review of the certified record.  In November 2006, Appellant was arrested and charged with criminal trespass and false identification to law enforcement after entering his former paramour's apartment without her consent.  Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3503(b)(1)(i), 4914(a).

absconded from bail in 2007, prior to trial, and fled to Texas, where he remained until 2015.

On May 6, 2015, Appellant pleaded guilty, pursuant to a negotiated plea agreement; in exchange the Commonwealth reduced count one from criminal trespass to defiant trespass. On July 14, 2015, the trial court sentenced Appellant and stated its reasons on the record as follows:

> The court has considered the Pennsylvania Sentencing Code, the Presentence [Investigation] Report [(PSI)], and the Pennsylvania Guidelines on Sentencing.
>
> The court has also considered the statements of defense counsel, the defendant, and the attorney for the Commonwealth.
>
> The court has considered this defendant's age, his background, his character and rehabilitative needs, the nature, circumstances, and seriousness of the offense, the protection of the community and the impact that the offense has had on the victim.
>
> The court will note that the defendant has [pleaded] guilty and accepted responsibility in accordance with a very favorable plea bargain that his attorney worked out with the District Attorney's office reducing the charge from . . . a felony of the third degree to a misdemeanor of the third degree.
>
> The court would note this is the defendant's fifth conviction for criminal trespass. The other four having occurred after this offense occurred.
>
> The court also is concerned because the victim obviously was frantic to keep [defendant] away from her and out of the home, indicating she changed the locks, doors, did everything she could and he still came back and got into the house and she has, or was at the time, very concerned about her safety.
>
> The defendant does also have and had, prior to this offense, one, two, three, four, five ICC [protection from abuse] violations and convictions.

The defendant has a prior record score of zero but he has . . . [twenty] convictions, [fourteen] of which were subsequent to this offense.

The defendant also fled the jurisdiction of this court, was a fugitive for eight years, and has, in the recent past, within the last three years, committed [thirteen] new offenses while he was a fugitive and has been incarcerated over the years a total of [sixteen] times. He's been placed on probation four times. He's been revoked from supervision two times. It's pretty obvious that the defendant continues, despite numerous incarcerations, to commit offenses and is unsupervisable when he's given an opportunity on probation.

* * *

The court having considered all those things will order the following sentence which is outside and above the guideline ranges. The defendant on each count will be ordered to pay the cost of prosecution, pay a fine of [twenty-five dollars] on each count. Counts one and two, he will be ordered incarcerated a minimum period of which will be six months, a maximum of which will be [twelve] months. Sentence on count two will be consecutive to the sentence on count one.

He will receive credit for time served in the amount of 220 days. He is RRRI eligible and that will reduce the minimum sentence from six months to four months on each of those counts. . . .

(N.T. Sentencing, 7/14/15, at 5-7, 9) (unnecessary capitalization omitted).

On July 22, 2015, the court denied Appellant's timely post-sentence motion to reconsider his sentence. This timely appeal followed.[2]

Appellant raises one issue on appeal:

_____

[2] Appellant filed a timely Rule 1925(b) statement on August 26, 2015. **See** Pa.R.A.P. 1925(b). The court filed an opinion on September 15, 2015, which relied on the record from the sentencing hearing as the court's basis for sentencing. **See** Pa.R.A.P. 1925(a).

>Did the [trial] court violate the fundamental norms which underlie the sentencing code in sentencing [Appellant] in the aggravated range, without placing sufficient reasons on the record?

(Appellant's Brief, at 1) (most capitalization omitted).[3]

In his sole issue, Appellant claims that the trial court erred in imposing a sentence that was above the guideline ranges without setting forth on the record sufficient reasons for its sentence. (***See id.*** at 4-5). He argues that the court could have sentenced him to a lesser sentence, which would have served his rehabilitative needs and the protection of the public. (***See id.***). We disagree.

Appellant's issue challenges the discretionary aspects of his sentence, which "must be considered a petition for permission to appeal[.]" ***Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013) (citation omitted). To preserve claims relating to the discretionary aspects of a sentence properly, an appellant must first raise them with the trial court. ***See Commonwealth v. Foster***, 960 A.2d 160, 163 (Pa. Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011).

_____

[3] We note that the trial court did not sentence Appellant in the aggravated range, but rather, sentenced Appellant above the guideline ranges to the maximum sentence provided by statute. (***See*** N.T. Sentencing, at 9). Although misstated in his question presented, Appellant correctly states this later in his brief. (***See*** Appellant's Brief, at 5) ("[Appellant] was sentenced to the maximum allowable sentence of six to twelve months of incarceration on each count.").

> When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.

*Hill*, *supra* at 363-64 (citations omitted).

In this case, Appellant preserved his issue by raising it in his post-sentence motion, and filed a Rule 2119(f) statement, in which he alleges that the trial court failed to individualize his sentence and sentenced him to the maximum allowable sentence. (*See* Appellant's Brief, at 3). "A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a 'substantial question' for our review." *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005) (citation omitted). Accordingly, we will review his challenge on its merits.

Our standard of review for challenges to the discretionary aspects of a sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record,

that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

Additionally,

The sentencing guidelines are not mandatory, and sentencing courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines. In every case where the court imposes a sentence . . . outside the guidelines . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. However, [t]his requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where [PSIs] exist, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] constitutes the record and speaks for itself.

*Id.* at 760-61 (citations and quotation marks omitted).

Here, in imposing sentence, the trial court considered the sentencing code and sentencing guidelines as well as the PSI and the particular circumstances of this case, including the impact that the offense has had on the victim. (*See* N.T. Sentencing, at 5-6). It then stated on the record, in

open court, its reasons for imposing a sentence above the guideline ranges. (**See id.** at 6-9).

Based on the trial court's stated reasons, our independent review of the record, and the fact that the court had the benefit of a PSI, we discern no abuse of discretion on the part of the trial court in imposing an aggregate sentence of not less than twelve nor more than twenty-four months' incarceration. **See Antidormi**, **supra** at 760-61. Appellant's claim does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016