J-S22008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEX LEE CRABBE | : | |
| | : | |
| Appellant | : | No. 1696 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 7, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005551-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEX LEE CRABBE | : | |
| | : | |
| Appellant | : | No. 1697 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 7, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004955-2017

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 09, 2019**

Appellant, Alex Lee Crabbe, appeals from the judgments of sentence entered on May 7, 2018, in the Lancaster County Court of Common Pleas following his February 12, 2018 guilty pleas to simple assault, terroristic

_____
*   Retired Senior Judge assigned to the Superior Court.

threats, and stalking[1] on Docket Number 4955 of 2017, and two counts of intimidation of a witness[2] on Docket Number 5551 of 2017.  We affirm.

The trial court deferred sentencing pending receipt of a pre-sentence investigation ("PSI") report.  On May 7, 2018, the trial court imposed an aggregate sentence of incarceration of three to six years followed by five years of probation.[3]  Order, 5/7/18.  Appellant filed timely motions to reconsider sentence, which were denied by operation of law on September 26, 2018.  Appellant filed timely separate notices of appeal that were consolidated by stipulation pursuant to Pa.R.A.P. 513 on October 30, 2018.  The trial court did not order the filing of a statement pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following single issue on appeal:

> Considering the Sentencing Code as a whole, was the sentence imposed was [sic] unreasonable, excessive, and an abuse of discretion where the court did not adequately consider the individual history and character of the Appellant nor the rehabilitative needs of the Appellant?

Appellant's Brief at 7.

Appellant's issue relates to the discretionary aspects of his sentence.  A defendant may challenge the discretionary aspects of sentencing if the plea

---

[1]  18 Pa.C.S. §§ 2701, 2706, and 2709.1, respectively.

[2]  18 Pa.C.S. § 4952.

[3]  In its Pa.R.A.P. 1925(a) opinion, the trial court erroneously described the sentence as three to five years of incarceration followed by three years of probation.  Trial Court Opinion, 11/14/18, at 2.

agreement contains no sentencing restrictions, as herein. ***Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013). It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. ***Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. ***Commonwealth v. Tejada***, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted); ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 11–13. Moreover, Appellant preserved the issue by filing post-sentence motions. Therefore, we next determine whether Appellant raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015).

Appellant submits that the sentence was excessive, and the trial court failed to consider Appellant's rehabilitative needs. Appellant's Brief at 12. We conclude that Appellant's challenge to the imposition of his sentence as excessive, together with his claim that the trial court failed to consider his rehabilitative needs, presents a substantial question. ***See Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) (excessive sentence claim, in conjunction with assertion that sentencing court failed to consider mitigating factors, raises a substantial question). Thus, we grant Appellant's application for allowance of appeal and address the merits of this sentencing claim. ***Caldwell***, 117 A.3d at 770.

Appellant asserts that the trial court did not "weigh all mitigating and aggravating factors in arriving at an appropriate sentence . . . ." Appellant's Brief at 17. He maintains that the trial court gave "little consideration . . . to the individual character" of Appellant. ***Id.*** at 18. The record reflects otherwise.

At sentencing, the trial court noted that its imposition of sentence included careful consideration of the PSI report. N.T., 5/7/18, at 9. When a PSI report exists, this Court presumes that the trial court "was aware of

- 4 -

relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors." ***Commonwealth v. Finnecy***, 135 A.3d 1028, 1038 (Pa. Super. 2016). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report[,] thus properly considering and weighing all relevant factors." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). The trial court emphasized that it was "fully informed" by Appellant's PSI Report in its Pa.R.A.P. 1925(a) opinion. Trial Court Opinion, 11/14/18, at 6.

At the sentencing hearing, the trial court noted the following:

> This is a very troubling prior record history. And while prior offenses involving this victim are certainly troubling, as for the probation violations of all of . . . these various dockets, some involving this victim, others not, others are unrelated offenses. Before me is a repetition of simple assault, terroristic threats and stalking, which were in 2014 and 2015—or rather 2016. Same offenses involving the same victim. And this time, despite very simple, very clear set of bail conditions; first to refrain from engaging in contact that results in intimidation of a witness; and second, no contact whatsoever with the victim, we end up with a second set of charges for intimidation of a witness. And that is extraordinarily serious to me. There is a pattern of ungoverned behavior.

> There have been opportunities to come to terms with a failed relationship, and drug and alcohol, substance abuse, anger, and mental health issues dating back to, at a minimum, 2015, when the 2014 set of simple assault, terroristic threat and public drunkenness were before the [c]ourt. So this excessive persistence concerns me. And everything in the history here shows a propensity to violate. And whether that's only when intoxicated or not, I don't know because I'm not a mind reader,

but certainly it is clear from the history that alcohol does play a part.

And strict supervision and strict treatment in a structured setting is going to be absolutely necessary until that point that you own your own responsibilities for your behavior and accept that alcohol is not a healthy part of life for you.

Because this is the third set of charges with the same victim, following a history going back to 2015, where so much of this could have been dealt with this and both these sets of charges avoided.

N.T., 5/7/18, at 8–9.

In its Rule 1925(a) opinion, the trial court explained that the sentence it imposed was "consistent with [Appellant's] rehabilitative needs, the protection of the public, and the gravity of the offenses as they relate to the victims and the community. Great consideration was given to [Appellant's] situation and the circumstances surrounding it, which is evidenced by the record." Trial Court Opinion, 11/14/18, at 6–7. The court acknowledged Appellant's desire to relocate to Maryland and his "comments regarding his desire to be a dad and help take care of his children," in addition to "the progress he alleges to have made while incarcerated in Lancaster County Prison," but "concluded that the facts and circumstances surrounding [Appellant] and this case warranted the sentence imposed." N.T., 5/7/18, 9; Trial Court Opinion, 11/14/18, at 7.

Herein, the record establishes that the trial court gave substantial consideration to all of Appellant's circumstances. A PSI report was ordered, prepared, and considered. The court considered the sentencing guidelines,

the protection of the public, the gravity of the offenses, the impact on the victim, and the rehabilitative needs of Appellant. We will not re-weigh those factors and impose our judgment in place of the sentencing court. ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009).

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/09/2019