J-A18022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
          :          PENNSYLVANIA
          :
       v.                   :
          :
          :
ANTOINE HARRIS               :
          :
       Appellant        :     No. 918 WDA 2021

Appeal from the Judgment of Sentence Entered March 12, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0000775-2019

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:             **FILED: SEPTEMBER 7, 2022**

Antoine Harris (Appellant) appeals from the judgment of sentence imposed after he entered an open guilty plea to one count each of attempted homicide, aggravated assault, persons not to possess a firearm, strangulation, carrying a firearm without a license, terroristic threats, unlawful restraint, and recklessly endangering another person.[1]  We affirm.

The trial court described the facts underlying Appellant's conviction as follows:

> On December 9, 2018, at approximately 5:00 p.m., Pittsburgh Police responded to … a report of a violent domestic [dispute]. Upon arrival, officers made contact with the victim [the Victim]. The [V]ictim told officers that her boyfriend, [Appellant], confronted her in the couple's second-floor bedroom and accused her of sleeping with one of his relatives.  During the confrontation,

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 6105(a)(1), 2718(a)(1), 6106(a)(1), 2706(a)(1), 2902(a), and 2705.

[Appellant] pushed the [V]ictim onto the bed, produced a .45 caliber semiautomatic handgun from his waistband, pointed it to her temple, and stated, "bitch, I'll kill you."

The [V]ictim attempted to grab the firearm from [Appellant's] hand, at which time [Appellant] proceeded to fire one round into the bed directly next to the [V]ictim's head. The [V]ictim again attempted to grab the firearm from [Appellant's] hand, and, during the struggle, the magazine fell out of the firearm. Not realizing that the magazine had been ejected from the firearm, [Appellant] proceeded to pull the trigger two more times in an attempt to shoot the [V]ictim. During the struggle, [Appellant] also placed his hands around the [V]ictim's neck, which prevented her from being able to breathe.

At some point during the altercation between [Appellant] and the [V]ictim, the [V]ictim's juvenile daughter entered the residence and heard the commotion. The [V]ictim's daughter pulled [Appellant] off her mother and chased him out of the residence, at which time [Appellant] fled the scene on foot. Officers eventually located [Appellant] walking along the side of the road a short distance from where the incident had occurred and took him into custody.

During their initial interview of the [V]ictim, officers observed lacerations on her hand which were consistent with the type of injury one might sustain from coming into contact with a moving firearm slide. Officers also observed redness on the [V]ictim's forehead which was consistent with the muzzle of a firearm being placed against her temple. The [V]ictim told police that the firearm was still on the mattress in the bedroom and that [Appellant] had taken the magazine with him when he fled. Officers searched the bedroom where the struggle had occurred and discovered the firearm lying on the bed with the magazine missing. Officers also observed dried blood spots on the bed where the incident occurred, as well as on the bedroom window blinds.

Trial Court Opinion, 10/13/21, at 2-4.

On December 16, 2019, Appellant entered the open guilty plea.

Following receipt of a pre-sentence investigation report (PSI), on March 12,

2020, the trial court sentenced Appellant to an aggregate term of 15 - 30 years' imprisonment, to be followed by a consecutive 5 years' probation. That same day, Appellant filed a post-sentence motion. However, because of the COVID-19 pandemic, the trial court did not deny the post-sentence motion until July 22, 2021. This timely appeal followed.[2]

Appellant raises a single issue on appeal:

Is the sentence imposed of fifteen to thirty years of incarceration, followed by five years of probation, manifestly excessive, unreasonable, contrary to the dictates of the Sentencing Code and an abuse of the [trial] court's discretion? Specifically, did the [trial] court fail to put adequate reasons on the record for imposing this sentence and focus extensively upon the seriousness of the offense, and [Appellant's] criminal history? Is the sentence imposed too great a punishment under the circumstances of the case?

Appellant's Brief at 6.

There is no absolute right to challenge the discretionary aspects of a sentence on appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where the appellant has preserved the sentencing challenge for appellate review by raising it in a post-sentence motion, he must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f);[3] and (2) show there is a substantial question

_____

[2] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

[3] Appellant has included a Rule 2119(f) statement in his brief. *See* Appellant's Brief at 13-19.

that the sentence is not appropriate under the Sentencing Code. *Hill*, 66 A.3d at 363-64.

Appellant asserts the trial court failed to put sufficient reasons on the record to justify the sentence, placed too much focus on Appellant's criminal history and the seriousness of the offense, and states the sentence was "too great a punishment." Appellant's Brief at 6, 22-31. Our review discloses Appellant has waived these claims.

Appellant filed a timely post-sentence motion for reconsideration of sentence, but only requested reopening the record so he could further develop his claim of (a) mitigating factors; and (b) the trial court's failure to properly consider the sentencing factors enumerated in 42 Pa.C.S.A. § 9721. *See* Post-Sentence Motion, 3/12/20, at 2-3 (unnumbered). This Court has held that an appellant waives any discretionary aspects of sentence issue not raised in a post-sentence motion; also, an appellant cannot raise an issue for the first time on appeal. *See Commonwealth v. Bradley*, 237 A.3d 1131, 1138-39 (Pa. Super. 2020) (claim trial court sentenced Appellant to *de facto* life sentence waived where not specifically raised in post-sentence motion); *see also* Pa.R.A.P. 302(a). Moreover, Appellant did not raise these claims in his court-ordered Rule 1925(b) statement, where he again argued the trial court should have (a) allowed him to reopen the record to provide additional evidence of mitigating factors; and (b) properly considered various mitigating factors. Pa.R.A.P. 1925(b) Statement, 8/24/21, at 3-4. As a result, the trial

court did not address the claims raised in Appellant's brief in its opinion. Appellant waived his claims on appeal for this reason as well. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Given*, 244 A.3d 508, 510 (Pa. Super. 2020) (appellant waived all issues on appeal by failing to raise them in his Rule 1925(b) statement); *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in Commonwealth v. Burton*, 973 A.2d 428, 431 (Pa. Super. 2009).

Even if we could address the merits of Appellant's claims, we would conclude that his standard-range sentence was neither excessive nor unreasonable, and discern no abuse of discretion. *See*, *e.g.*, *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code," and holding sentence was not unreasonable where trial court had the benefit of a PSI and imposed a standard range sentence); *Commonwealth v. Raven*, 97 A.3d 1244, 1254-55 (Pa. Super. 2014) (defendant's standard range sentences were neither unreasonable nor excessive where "record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing.").

The record demonstrates the trial court considered the PSI, Appellant's allocution, the Victim's statement, and all other evidence (as well as relevant statutory factors, *see* 42 Pa.C.S.A. § 9721(b)), in imposing Appellant's

sentence. ***See***, ***e.g.***, ***Commonwealth v. Hardy***, 939 A.2d 974, 980 (Pa. Super. 2007) (rejecting defendant's challenge to discretionary aspects of sentence and stating sentencing court is not required "to ignore context and instead review [the] charges in a vacuum, where only the name of the offense and corresponding standard range sentence is considered."). Finally, it was within the trial court's discretion to impose Appellant's sentences consecutively. ***Commonwealth v. Radecki***, 180 A.3d 441, 470 (Pa. Super. 2018) ("Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences" (citation omitted)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2022