J-S37041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CHARLES CLIFTON WOODSON | : | |
| Appellant | : | No. 2168 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 8, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000273-2022

BEFORE:  BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED DECEMBER 24, 2024**

Charles Clifton Woodson ("Woodson") appeals from the judgment of sentence following his open guilty plea to aggravated assault.[1] We vacate and remand for resentencing pursuant to our Supreme Court's recent decision in ***Commonwealth v. Berry***, 323 A.3d 641, (Pa. 2024).

In December 2022, Woodson entered an open guilty plea to aggravated assault.  The charges arose from a brutal road-rage incident wherein Woodson and a co-defendant dragged the victim from her car, punched, kicked, and stomped the victim's chest, face, and head, rendering her unconscious, then fled the scene by driving on the sidewalk and running a red light.

---

[1] ***See*** 18 Pa.C.S.A. § 2702(a)(1).

Following receipt of a pre-sentence investigation report ("PSI") and a psychological evaluation, the trial court sentenced Woodson to a term of seven-and-one-half to fifteen years in prison. During sentencing, the trial court stated,

> [I] relied significantly on the PSI report, as well as the psychological report. . . . .
>
> * * * * *
>
> I've also considered his arrest record . . .. He has five prior arrests ranging from firearms violations to recklessly endangering another person, terroristic threats, to propulsion of missiles into an occupied vehicle. . . . Three of [those arrests] were dismissed or withdrawn[.] . . . He had a firearms violation[] [for] which the sentence was four years['] probation.

N.T., 3/8/23, at 32-34.

Woodson filed a post-sentence motion seeking modification of his sentence, which the trial court denied. This timely[2] appeal followed.[3]

Woodson raises a single issue for our review:

> [Did the trial court] abuse its discretion in sentencing powers when it sentenced [Woodson] to a sentence grossly higher than the guidelines prescribed[?]

---

[2] This Court has found a breakdown in the trial court when a post-sentence motion is not denied within 120 days and/or the clerk of the courts has not deemed the motion denied by operation of law and sent a copy of the order to the parties. **See Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003). When a trial court denies a post-sentence motion after the 120-day period and the appellant, as he did here, files a notice of appeal within 30 days of the denial, the appeal is deemed timely. **See id**.

[3] Woodson and the trial court complied with Pa.R.A.P. 1925.

Woodson's Brief at 4.

In his only issue, Woodson challenges the discretionary aspects of his sentence. *See* Woodson's Brief at 7-9. There is no absolute right to challenge the discretionary aspects of a sentence. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Before reaching the merits of a discretionary sentencing claim, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

Woodson preserved his sentencing issue in a post-sentence motion and filed a timely appeal, but he did not include in his brief a separate statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). "A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when [the appellee] lodges an objection to the omission of the statement." *Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006). Because the Commonwealth has not objected to the absence of the 2119(f) statement, we will review Woodson's claim.

Woodson contends the trial court erred in sentencing him outside the guidelines range, a sentence he contends was excessive because, he accepted

responsibility for his crime, and he had remained trouble-free for many years.

*See* Woodson's Brief at 9. This claim raises a substantial question. *See*

***Commonwealth v. Beatty***, 227 A.3d 1277, 1287 (Pa. Super. 2020)

(concluding a claim that the sentencing court sentenced defendant outside the

guidelines without sufficient reason raises a substantial question).

We next consider the merits of Woodson's claim mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015) (citation

omitted).

With respect to a sentence outside of the recommended guidelines:

> When evaluating a challenge to the discretionary aspects of sentence . . . it is important to remember that **the sentencing guidelines are advisory in nature**. **If the sentencing court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination.** [O]ur Supreme Court has indicated that **if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable**, we must affirm a sentence that falls outside those guidelines.
>
> * * * * *
>
> A sentencing court, therefore, in carrying out its duty to impose an individualized sentence, may depart from the

- 4 -

guidelines when it properly identifies a particular factual basis and specific reasons which compelled [it] to deviate from the guideline range.

*Commonwealth v. Shull*, 148 A.3d 820, 836 (Pa. Super. 2016) (citations and quotation marks omitted, some emphasis in original, some emphasis added).

Here, the trial court had the benefit of a PSI, a psychological evaluation, character references on behalf of Woodson, the testimony of Woodson's mother, Woodson's own statements during allocution, and several videos and pictures of the incident. *See* N.T., 3/8/34, at 5-10, 15-28.

The court identified specific reasons for its deviation from the guidelines range including the extreme brutality inflicted on the victim, Woodson's flight, and the public outrage regarding the attack, as exemplified by the large numbers of tipsters who contacted the police to identify Woodson and his co-defendant. *See id*. at 28-36.

Accordingly, Woodson's claim the sentencing court abused its discretion in sentencing him outside the guidelines is meritless. *See Commonwealth v. Walls*, 926 A.2d 957, 966-68 (Pa. 2007) (holding that so long as trial court imposed an individualized sentence that was reasonable there was no abuse of discretion even where that sentence exceed the guidelines); *Commonwealth v. Smith*, 206 A.3d 551, 568-69 (Pa. Super. 2019) (affirming outside-guideline-range sentence where trial court considered PSI,

- 5 -

appellant's rehabilitative needs, the need to protect community, and the nature and gravity of offense).

However, our finding that Woodson's discretionary sentencing claim lacks merit does not end our inquiry. It is settled law that "[t]he legality of a criminal sentence is non-waivable, and this Court may raise and review an illegal sentence *sua sponte*." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 889 (Pa. Super. 2019). When reviewing the legality of a sentence, our standard of review is *de novo*, and our scope of review is plenary. ***See id***.

In September of this year, our Supreme Court issued its decision in ***Berry***, ***supra***. In ***Berry*** the Court held, "the fact of prior arrests cannot be a factor at sentencing . . . mere arrests and indictments, without convictions . . . have no value as probative matter." ***See Berry***, 323 A.3d at 654. Our Supreme Court concluded that, even if the trial court relied on other legitimate factors in crafting the sentence, any case where the trial court considered the defendant's arrest record must be remanded for resentencing "without such consideration." ***Id***. at 656.

Our review of the sentencing transcript reveals the trial court explicitly considered Woodson's arrest record. ***See*** N.T., 3/8/23, at 33-34. Accordingly, we are constrained to vacate the judgment of sentence and remand for resentencing without consideration of Woodson's arrest record, other than those resulting in convictions. In so doing, the court need not

consider Woodson's challenge to the discretionary aspects of his sentence and is free to impose a sentence it deems appropriate.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/24/2024