J-S45032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHMAD DALTON-MILES | : | |
| | : | |
| Appellant | : | No. 1832 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 10, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0006115-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAHMAD DALTON-MILES | : | |
| | : | |
| Appellant | : | No. 1833 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 10, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at MC-51-CR-0023477-2020

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 16, 2023**

In these consolidated appeals, Rahmad Dalton-Miles (Appellant), appeals from the judgments of sentence imposed after he entered an open guilty plea to one count of theft by unlawful taking,[1] and firearms not to be

---

[1] 18 Pa.C.S.A. § 3921(a).

carried without a license (following revocation of his probation in the firearms case).[2]  We affirm.

The trial court summarized the case history as follows:

> On November 16, 2016, [], Appellant] entered into an open guilty plea before [the trial c]ourt to one count of firearms not to be carried without a license [(Firearms Case).]  …  On March 30, 2017, [the trial c]ourt sentenced Appellant to [7] years of probation.
>
> [O]n November 26, 2020, [Thanksgiving Day], while on [the trial c]ourt's probation, Appellant drove a white Chevrolet up to the complainant, who was walking with her grandson on the 2500 block of Frankford Avenue in Philadelphia.  Appellant jumped out of his vehicle, grabbed the complainant's purse, and took off [(Robbery Case)].  [The Robbery Case is not at issue on appeal.] The complainant was able to record the temporary tags on [Appellant's] vehicle.  [O]n December 5, 2020, also while on [the trial c]ourt's probation, Appellant committed another crime [(Theft Case)].  In this instance, the complainant, who had just exited a Target store with her grandchildren, was unloading her shopping cart into her car when Appellant walked up and took her purse from the cart.  Appellant then got into a white Chevrolet and fled the scene.  As a result of these incidents, Appellant was arrested and charged with robbery and related offenses [Robbery Case] and theft by unlawful taking and related offenses [Theft Case].
>
> On August [1]0, 2021, Appellant entered into a negotiated plea before [the trial court in the Robbery Case] to robbery and access device fraud, and was sentenced to [3 - 6] months of confinement followed by [2] years of probation for each charge. On the same day, he entered into an open guilty plea before [the trial court in the Theft Case].  [The trial c]ourt sentenced Appellant

---

[2] Appellant has complied with the dictates of *Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018) (holding "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case.").  This Court consolidated the appeals *sua sponte*.  Order, 10/14/21.

to [2½ - 5] years of confinement for theft by unlawful taking. As a result of these pleas, [the trial c]ourt found Appellant to be in direct violation of its probation [in the Firearms Case]. [The trial c]ourt revoked probation and imposed a violation sentence of [3½ - 7] years of confinement, to run consecutive to the sentence on [the Theft Case]. Appellant subsequently filed a Motion for Reconsideration of Sentence. At a hearing on August 31, 2021, [the trial c]ourt denied Appellant's motion. Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania on September 8, 2021. On September 30, 2021, [the trial c]ourt issued an order pursuant to Pa.R.A.P. 1925(b) requiring [Appellant] to file a Concise Statement of Matters Complained of on Appeal within 21 days. [Appellant] filed a Concise Statement on October 20, 2021.

Trial Court Opinion, 11/9/21 at 1-2 (footnote in omitted).

Appellant presents one issue for review:

Did not the [trial] court abuse its discretion and violate the Sentencing Code by sentencing [A]ppellant to a manifestly excessive sentence of [2½ - 5] years of incarceration … on [the Theft Case], and the sentence of [3½ - 7] years of incarceration … [in the Firearms Case,] to be served [consecutively], for a total aggregate sentence of … [6 – 12 years], where this sentence far surpassed what was required to protect the public and account [*sic*] [A]ppellant's demonstration of remorse, the nonviolent nature of his offenses, his rehabilitative needs, mitigating circumstances, and the sentencing guidelines?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. There is no absolute right to challenge the discretionary aspects of a sentence on appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). To reach the merits of Appellant's issue, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether

- 3 -

the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Edwards**, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

Appellant has preserved his issues in a post-sentence motion, filed a timely appeal, and included a Rule 2119(f) statement in his brief. **See** Appellant's Brief at 12-16. Accordingly, we determine whether Appellant has raised a substantial question as to each sentence, and if so, whether the trial court abused its sentencing discretion. **See Edwards**, 71 A.3d at 330.

1. Theft Case

Appellant contends the trial court imposed an "excessive statutory maximum sentence … despite Appellant's expression of remorse, and other mitigating factors presented at sentencing."[3] Appellant's Brief at 13-14. This claim raises a substantial question.[4] **Commonwealth v. Summers**, 245 A.3d 686, 692 (Pa. Super. 2021), **appeal denied**, 276 A.3d 700 (Pa. 2022).

---

[3] Appellant also claims the trial court erred by not submitting "a written statement to the [sentencing] commission[.]" Appellant's Brief at 15. It is well-settled that a trial court "can meet the requirement of a contemporaneous written statement by placing its reasons for departure on the record during sentencing." **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa. Super. 2008). As the trial court placed its reasons on the record, this claim lacks merit. **See** N.T., 8/10/21, at 28-31.

[4] Appellant also challenges as excessive the imposition of consecutive sentences. Appellant's Brief at 19-22. However, "the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court, and a challenge to the imposition of consecutive

*(Footnote Continued Next Page)*

We recognize:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted).

With respect to a sentence outside of the recommended guidelines:

> When evaluating a challenge to the discretionary aspects of sentence ... it is important to remember that **the sentencing guidelines are advisory in nature.** **If the sentencing court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination.** [O]ur Supreme Court has indicated that **if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable**, we must affirm a sentence that falls outside those guidelines.

A sentencing court, therefore, in carrying out its duty to impose an individualized sentence, may depart from the guidelines when it properly identifies a particular factual basis and specific reasons which compelled [it] to deviate from the guideline range.

*Commonwealth v. Shull*, 148 A.3d 820, 836 (Pa. Super. 2016) (citations omitted, some emphasis in original, some emphasis added).

---

sentences simply does not raise a substantial question." *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005) (citations omitted).

Here, the trial court did not have the benefit of a pre-sentence investigation report (PSI) at sentencing. The trial court began to schedule sentencing for another date based on the preparation of a PSI, but Appellant's counsel indicated otherwise. *See* N.T., 8/10/21, at 6-7. ("THE COURT: We'll get a date and order a [PSI] and mental health report. [DEFENSE COUNSEL]: Judge, it's a negotiated guilty plea."). The trial court thus proceeded to sentence Appellant, stating:

> Well, I have considered the sentencing guidelines. I have considered the arguments of counsel. I have taken into consideration the fact that [Appellant] entered into a guilty plea.
>
> I have taken into consideration the statement of the victim who came here today. I understand that the other victim who was robbed in a parking lot with her grandchildren could not be here today.
>
> I have taken into consideration [] the lapse of time between the time I put [Appellant] on probation and the time these crimes were committed.
>
> I am sentencing him for the protection of the public because two victims who [*sic*] have been robbed. The public must be protected.
>
> I have taken into consideration that the one woman who is not here is a senior citizen. I consider a senior citizen anyone who is 60 years and older. She could not come here today. She was a senior citizen and she had her grandchildren. So I must take into consideration she is a senior citizen.

N.T., 8/10/21, at 28-29 (some paragraphs altered).

The trial court further explained:

Appellant's prior record score is one. The OGS [offense gravity score] is three. As such, the Guidelines call for a sentence of restorative sanctions to six months of incarceration, plus or minus

- 6 -

three months for aggravating or mitigating factors. [204 PA ADC § 303.16(a).] [The trial c]ourt took the Guidelines into account, and decided to deviate from them based on the serious nature of the offense, the pattern of criminal conduct engaged in by Appellant, and the fact that Appellant was on [] probation for a firearms offense at the time he committed the [Theft] offense. In making this decision, [the trial c]ourt properly considered all relevant mitigating and aggravating factors. [It] considered the testimony from Appellant's family, as well as his own statements at the time of sentencing. [The c]ourt also took into consideration that Appellant has a history of substance abuse, and was, like many, under particular strain in late 2020. However, [the c]ourt was particularly troubled by the fact that, as noted by the Commonwealth, Appellant appeared to be targeting older women accompanied by younger children for his crimes. This offense was Appellant's second in an eight day period. In both cases the victims were grandmothers accompanied by their grandchildren. [The c]ourt cannot abide by the deliberate targeting of vulnerable members of society. Moreover, Appellant committed his crimes during the holiday season, when they were likely to put extreme financial stress on his victims. [The c]ourt also took into consideration that the victim in this case, although unable to come to court, indicated that she was traumatized by the event. … More than adequate testimony was given by Appellant, his family, and trial counsel with respect to Appellant's background.

Trial Court Opinion, 11/9/21, at 4.

The record shows the trial court considered mitigating factors; the court heard defense counsel's argument, testimony from Appellant's mother and girlfriend, and Appellant's allocution. *See* N.T., 8/10/21, at 17-26. The court further acknowledged Appellant's drug addiction, his prior record score, and the years that passed between Appellant's 2017 probation sentence and his crimes committed in 2020. *Id.* at 7, 29.

Upon review, we conclude the trial court did not abuse its discretion in sentencing Appellant to the statutory maximum of 2½ to 5 years of

- 7 -

confinement. The trial court stated on the record its concern for public safety, emphasizing its concern for particularly vulnerable victims, *i.e.*, the elderly, given that Appellant had targeted grandmothers shopping with their grandchildren. **See Shull**, 148 A.3d at 836 (in duty to impose individualized sentence, court may depart from guidelines if it "identifies a particular factual basis and specific reasons which compelled [it] to deviate from the guideline[s]."). As the trial court identified particular facts and specific reasons Appellant's aggravated-range sentence, his issue does not merit relief. **See Commonwealth v. Walls**, 926 A.2d 957, 966-68 (Pa. 2007) (no abuse of discretion where individualized sentence was reasonable).

2. The Firearms Case

Appellant argues the trial court erred in sentencing him in the aggravated range to the statutory maximum of 3½ to 7 years of confinement in the Firearms Case, "based only on the fact that [A]ppellant was convicted of another crime." Appellant's Brief at 24. A claim that the imposition of the statutory maximum was disproportionate and manifestly excessive following revocation of probation raises a substantial question. **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000).

> In reviewing a sentence imposed after the violation of probation,
>
> a trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence. The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to

- 8 -

measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

* * *

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

* * *

[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate

- 9 -

deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Commonwealth v. Pasture*, 107 A.3d 21, 27–29 (Pa. 2014) (citations omitted).

Here, Appellant pled guilty to committing crimes and thus violating his probation. He was also in technical violation because he failed 21 drug tests. N.T., 8/10/21, at 9-10. The trial court explained:

Appellant satisfied all three of the conditions of § 9771(c). He was convicted of multiple new crimes. More importantly, his conduct indicates that it is extremely likely that he will commit another crime if not imprisoned. Appellant committed two similar crimes within an eight[-]day period. A sentence of total confinement is also necessary to vindicate the [trial c]ourt's authority. Appellant chose to commit multiple new crimes while on [the trial court's] probation for a firearms offense. It is clear from his conduct that he does not appreciate the seriousness of his **original** offense or respect the terms of his probation or the authority of [the trial c]ourt. Based on the specific nature of Appellant's conduct, [the trial c]ourt determine[d] a significant sentence was necessary. … [B]oth of Appellant's victims were grandmothers accompanied by their grandchildren. It is clear from this that Appellant was targeting older women with young children. He committed these crimes in broad daylight and in busy areas. He went so far as to pull his car over to rob one of the victims. That victim gave a lengthy impact statement at the time of sentencing, detailing how Appellant's actions have changed her life. She was terrified for months after the robbery that Appellant would return, and that he might steal her car. She testified that she is still afraid when walking her dog around her neighborhood. She was unable to prepare a first Thanksgiving meal for her grandson, or to go Christmas shopping. When Appellant stole her car keys, he also stole her specially made urn keychain, which contained some of her mother's ashes. This is, of course, irreplaceable. Due to the impact to his victims, his disregard for the terms of his probation, and the fact that he engaged in a pattern of criminal conduct in which he targeted vulnerable members of the population, [the trial c]ourt determined that a lengthy state sentence was necessary

for public safety as well as for any possible rehabilitation of Appellant.

Trial Court Opinion, 11/9/21, at 6 (emphasis in original).

We have reviewed the record and discern no abuse of discretion.

***Pasture***, ***supra*** at 29.  Appellant's issue challenging the discretionary aspects

of his sentence in the Firearms Case does not merit relief.

Judgment of sentence affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 2/16/2023*